ILLINOIS CENTRAL RAILROAD COMPANY *v*. RAYMOND CROCKETT.

RAILROAD. *Negligence. Rules. Contributory negligence. Infant.*

An intelligent boy, fourteen years and five months old, familiar with the location and movement of trains, who walks upon a railroad side track in front of a train, which he sees beyond a switch and knows to be approaching, is guilty of contributory negligence and cannot recover of the railroad company for his injuries, if he remain on the side track until he is struck by the locomotive, although the engineer negligently violated the custom and a rule of the company in not stopping his train before entering the switch and taking the side track.

FROM the circuit court, first district, of Panola county.

HON. Z. M. STEPHENS, Judge.

Crockett, the appellee was the plaintiff in the court below; the railroad company, appellant, was defendant there. The facts are embodied in the syllabus. The plaintiff recovered a judgment for $7,500 in the court below as damages for his injuries—the loss of a foot—and the defendant appealed to the supreme court.

*Mayes & Harris* and *J. M. Dickinson,* for appellant.

Plaintiff was fourteen years and five months old at the time of the injury. He was a bright, sprightly boy, of the usual intelligence of boys of that age. He was fully acquainted with the yards and the movement of trains therein. The place where plaintiff was struck was not at a public crossing. It was not used for any purpose but walking. Plaintiff saw the train coming. The train which struck the plaintiff was what is known as the Batesville accommodation, and it was going on its regular schedule time. It had only been operated for a short while, running about a week or ten days. The act of negligence on the part of the railroad company claimed as entitling the plaintiff to recover is that the train did not stop at

the switch before going on the side track, that the plaintiff was was aware of a custom for it to stop before entering the side track, and therefore went on that side track, supposing the train was going down the main track. It must be borne in mind, however, that the plaintiff saw the train had not stopped at the switch and saw that it was moving.

Certain rules of the company were offered in evidence to show that there was a rule requiring the train to stop before entering a side track until the switch was thrown. On this occasion there was a train occupying one of the tracks and the switch had been thrown for the side track, and the engineer received a signal from the flagman in charge of the switch to go ahead with the train, which he did, and he was proceeding at a slow rate of speed, keeping a lookout, with the bell ringing, when the plaintiff suddenly appeared on the track in front of him and was struck before he could stop the train.

The peremptory instruction should have been given for the defendant, and the court erred in refusing it, on two grounds:

1. The facts fail to disclose any negligence whatever on the part of the railroad company.

2. If there was any negligence, the plaintiff's contributory negligence precludes a recovery.

Surely it cannot be in this case that the failure of the train to stop at the switch, or before entering the switch, was negligence in regard to the plaintiff. The negligence of which a party can complain must be a breach of duty to him personally or a breach of duty to the public, on the performance of which he has a right to rely.

There is no law in this state requiring a railroad company to stop its trains before entering a switch. That is merely a rule adopted by the company in reference to the movements of its trains, intended for the protection of the trains and for their proper handling and management. It was under no obligation to the plaintiff to stop at the switch. The plaintiff had no right to rely upon the compliance with this rule, and it would

be monstrous to hold that this fact would constitute negligence of which the plaintiff could complain. It was no breach of duty to him.

If there had been any active steps taken by the employes of the company to mislead the plaintiff into the belief that he could rely upon the compliance with this rule, the case might be different, but there is absolutely nothing of this in the case. The employes were acting in a perfectly lawful manner in the handling of the train. Nothing whatever was done to mislead the plaintiff or any one else. He saw the train; he saw that it had not stopped at the switch; the bell was ringing to give warning. Nothing whatever was done or omitted on the part of the railroad company, which could be twisted into a breach of duty to the plaintiff. But if this court should hold that there is anything in the case tending to prove negligence, the contributory negligence of the plaintiff is so overwhelmingly established by his own testimony that there can be no recovery. *Howell* v. *R. R. Co.*, 75 Miss., 250; *Merriman* v. *R'y. Co.*, 85 Iowa, 638.

Where there is no doubt as to the capacity of the child to avoid danger, at one extreme or the other, the court will decide it as a matter of law. In the Iowa case the boy was thirteen, in *Newdall* v. *Torrey*, 80 Hun, 364, the child was under seven. In *Cleveland, etc., Co.* v. *Fortt*, 64 Fed. Rep., 681, the boy was over eight years old. In all these cases the court determined as a matter of law that the minor was chargeable with contributory negligence and could not recover.

Solon Howell was between twelve and thirteen; Raymond Crockett was between fourteen and fifteen. The rule announced in this state in the Howell case, touching contributory negligence of infants, is fully supported in other jurisdictions. 53 Me., 384; 39 Mo., 438; 88 Mo., 293; 64 Mich., 196; 46 Mich., 105; 39 Minn., 164; 35 Minn., 256; 124 N. Y., 303; 126 Mass., 377; 137 Mass., 179; 141 Mass., 335; 79 Ill., 71; 56 Iowa, 496; 85 Iowa, 634; 93 N. C., 92; 144 Penn. St.,

398; 88 Penn. St., 520; 14 R. I., 314; 24 Kan., 627; 23 Kan., 347; 54 Kan., 551; 64 Fed. Rep., 330; 80 Hun (N. Y.), 364; 2 Am. & Eng. Enc. L., 850.

*A. W. Shands*, for appellee.

Three grounds for recovery by Crockett are found in conjunction in this record, which have never before all appeared in one case, so far as I have been able to discover.

1. Crockett, the plaintiff below, was at the time of the injury an infant of the age of fourteen years.

2. He and the general public were licensees on the grounds covered by the tracks of the defendant railroad company in the heart of the populous town of Sardis, which lie between the depot crossing and the street crossing, next above the depot crossing north. The evidence shows open, notorious user of said grounds as a passway, up and down and across, by footmen, wheelmen, women and children, who passed at all times, frequently when trains were hitched up on the side tracks, and no attempt was made by the railroad company to show any obstruction, objection or interruption of this user by the general public for free ingress and egress, and this user had been going on for twenty or thirty years. The plaintiff also testified to his user of these grounds for passing from his home on the west to his place of employment on the east side of the track for many years, and that he had crossed frequenty when trains were standing hitched up on the tracks, and had dodged around and among hitched-up trains to effect a crossing, and well-worn paths were shown leading from the west to the track and across to the east side, and were shown to have existed for many years, and were all pointed out to the court and the jury, along with the location of the tracks, street crossings and switch, upon a view and inspection had by them during the progress of the trial.

3. The plaintiff (Crockett), an infant of fourteen years, was perfectly familiar with the movements and usual and customary

mode of handling at that place the train which inflicted the injury upon him, and relied upon a continuance of that customary usage, which usage was in accord with the rule 117$b$ of the defendant's railroad company, published and issued to its servants and employes, and used then constantly by them for their guidance in the management of trains. Had not this custom and this rule been violated on this occasion, plaintiff would not have been injured.

The above rule, which was proven in evidence, is as follows: "117$b$. A train about to leave or enter a siding must come to a full stop before the switch is thrown, and no signal must be given to start the train until the switch is turned and the lock secured through the hasp."

*Alexander & Alexander*, on same side.

1. Plaintiff was at a public passway and the company owed him due care to avoid injury.

2. If he was not at a place recognized as a passway or crossing, he was a licensee, and the company should have exercised due care.

3. If mistaken in the above propositions, still the place being in a populous town and one much frequented, the company owed a public duty to run its trains with care, and plaintiff as one of the public, was entitled to protection against negligence.

4. Even if plaintiff was a trespasser the train was being run at an unlawful speed, and in the absence of contributory negligence, plaintiff can recover.

5. The violation of the company of its own rules and its unnecessary departure from a well-known custom, was such gross negligence as amounted to wilfullness.

*Fla. C. & P. R. R. Co.* v. *Foxworth*, 41 Fla., 25, s.c. 25 So. Rep., 338; 19 Am. & Eng. Enc. of L. 937; *I. C. R. R. Co.* v. *Hammer*, 72 Ill., 347; *Tayler* v. *Delaware & C. R. R. Co.*, 113 Penn. St.; *Harriman* v. *R. R. Co.*, 45 Ohio St. 11; *Powers* v. *Harlow*, 53 Mish., 507; *Nussum* v. *R'y. Co.*, 30

W. Va., 228; *Byrne* v. *N. Y. & C. R. R. Co.*, 104 N. Y.; *Wright* v. *Boston R'y Co.*, 142 Mass., 296; *M. & C. R. R. Co.* v. *Wommack*, 84 Ala., 149; *Pearce* v. *Whitcomb*, 48 Vt., 147; *Gillespie* v. *McGowan*, 100 Penn., 144; *Lepnick* v. *Gaddis*, 72 Miss., 200; *Thomas* v. *Ry. Co.*, 103 Iowa, 649; *Blankenship* v. *C. & O. Ry. Co.*, 94 Va., 449; *Sheflett* v. *St. L. R. R. Co.*, 18 Tex. Civ. App., 57; *Crawford* v. *Southern R. R. Co.*, 106 Ga., 870; *L. & N. R. R. Co.* v. *Taffe*, 21 Ky. L. Rep., 64; *Nash* v. *Railroad Co.*, 48 Hun, 618; *Hinkle* v. *Richmond R. R. Co.*, 109 N. C., 472; *Blackwall* v. *R. R. Co.*, 111 *Ib.*, 151; *Tubs* v. *R. R. Co.*, 107 Mich., 108; *R. R. Co.* v. *McCormack*, 131 Ind., 250; *Steele* v. *Northern Pacific Ry. Co.*, 21 Wash., 302; *Houston R. R. Co.* v. *Rodeom*, 15 Texas Civ. App.; *R. R. Co.* v. *Lee*, 71 Miss., 895; *Powers* v. *Harlow*, 53 Mich., 507, s.c. 15 Wall., 401, s.c. 17 Wall., 660, s.c. 91 Texas, 278.

WHITFIELD, C. J., delivered the opinion of the court.

It is impossible to support this verdict, even on the plaintiff's own testimony. He was plainly guilty of contributory negligence. He says the Batesville accommodation train, by which he was struck, had been on only a week, and when asked whether all trains stopped at the switch, he did not answer at all. This is utterly unsatisfactory evidence of a general custom. It is true he was only fourteen years and five months old, but he was a bright boy, thoroughly familiar with the location and movement of all trains. Making all due allowance for his age, it is obvious that he was mature enough and had discretion enough to make him plainly chargeable with contributory negligence, on his own testimony. The mere existence of the custom, if it had been satisfactorily shown, to stop at the switch, would not relieve him of the duty of relying as well on his own prudence and use of ordinary care as on the custom. He was still bound to the use of his senses, and could not, whilst plainly discarding their use, recover on the

mere ground that the appellant had violated its rule, such violation not being wilful, but merely negligent.

*Reversed and remanded.*